UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

UNITED STATES OF AMERICA,

- against -                                    **MEMORANDUM & ORDER**
                                               17-CR-142 (MKB)

LINDSAY APPLEWHITE,

                        Defendant.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On October 30, 2017, Lindsay Applewhite pleaded guilty to Hobbs Act robbery in

violation of 18 U.S.C. § 1951(a) and to discharging a firearm in furtherance of that robbery in

violation of 18 U.S.C. § 924(c)(1)(A)(iii).  (Oct. 30, 2017 Plea Hr'g Tr. 27–29, Docket Entry No.

43.)  On December 4, 2018, the Court sentenced Applewhite to thirty-six months of

imprisonment on the Hobbs Act robbery conviction and a mandatory minimum consecutive

sentence of 120 months imprisonment on the firearm conviction, to be followed by three years of

supervised release, and ordered Applewhite to pay $42,234.66 in restitution, and a $200

mandatory assessment.  (J. of Conviction 1, 2, 6, Docket Entry No. 80.)

Since his sentence, Applewhite has sought compassionate release or a reduction in his

sentence on seven occasions.[1]  On May 27, 2026, Applewhite filed his eighth motion for

---

[1]  (Def.'s Sep. 2020 Mot. for Compassionate Release, Docket Entry No. 98; Mem. &
Order dated Dec. 15, 2020 ("December 2020 Decision"), Docket Entry No. 104; Def.'s Feb.
2021 Mot. for Recons., Docket Entry No. 105; Order dated Apr. 21, 2021 ("April 2021
Decision"), Docket Entry No. 107; Def.'s Sep. 2021 Mot. for Compassionate Release, Docket
Entry No. 108; Def.'s June 2022 Suppl. Mot. for Compassionate Release, Docket Entry No. 109;
Def.'s Aug. 2022 Suppl. Mot. for Compassionate Release, Docket Entry Nos. 112, 113; Mem. &
Order dated Sep. 15, 2022 ("September 2022 Decision"), Docket Entry No. 114; Def.'s Oct.

compassionate release and home confinement, ("May 2026 Motion"). (Def.'s May 2026 Mot., Docket Entry No. 147.) The Government opposes the motion. (Gov't's Opp'n to Def.'s May 2026 Mot. ("Gov't's Opp'n"), Docket Entry No. 149.) For the reasons discussed below, the Court denies Applewhite's motion for compassionate release.

## I.  Background

### a.  Plea and sentencing

The Court assumes familiarity with the underlying facts of this case as set forth in its earlier decisions concerning this matter. (*See, e.g.*, April 2024 Decision; December 2023 Decision; March 2023 Decision; September 2022 Decision; April 2021 Decision; December 2020 Decision.)

At sentencing, Applewhite faced a mandatory minimum of 120 months of imprisonment for the firearm conviction and a U.S. Sentencing Guidelines range of 84 to 105 months of imprisonment for the Hobbs Act robbery conviction, totaling a recommended range of 204 to 225 months of imprisonment. (Nov. 30, 2018 Sent'g Tr. 16, Docket Entry No. 110.) The Court sentenced Applewhite to 120 months of imprisonment on the firearm conviction and 36 months of imprisonment on the Hobbs Act robbery conviction (156 months total), finding that this sentence was "sufficient, but not greater than necessary to comply with the purpose of sentence." (*Id.* at 19.) *See* 18 U.S.C. § 3553(a). The factors the Court considered to reach this sentence included Applewhite's extensive criminal history, the seriousness of the underlying crimes and

2022 Mot. for Recons., Docket Entry No. 115; Def.'s Jan. 2023 Suppl. Mot. for Compassionate Release, Docket Entry No. 118; Mem. & Order dated Mar. 3, 2023 ("March 2023 Decision"), Docket Entry No. 124; Def.'s May 2023 Mot. for Reduction in Sentence, Docket Entry No. 127; Def.'s Sep. 2023 Suppl. Mot. for Reduction in Sentence, Docket Entry No. 134; Mem. & Order dated Dec. 5, 2023 ("December 2023 Decision"), Docket Entry No. 139; Def.'s Dec. 2023 Mot. for Recons., Docket Entry No. 140; Mem. & Order dated Apr. 26, 2024 ("April 2024 Decision"), Docket Entry No. 144.)

their impact on the victims, and letters from Applewhite's family members about the positive impact he has had on their lives. (Sent'g Tr. at 16–19.) Applewhite's projected release date is May 22, 2028. *See* Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited July 22, 2026).

### b. Procedural history

#### i. December 2020 Decision

On September 3, 2020, Applewhite filed his first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that (1) his age and existing health conditions — specifically, blood clots in his lungs and legs, deep vein thrombosis, hypertension, and high cholesterol — put him at high risk of not recovering from COVID-19 and to suffer a heart attack; (2) he has completed multiple recovery programs, including a drug program, while incarcerated; (3) he wants to care for his elderly mother suffering from dementia; and (4) he has a stable residence and job waiting for him when he is released. (Def.'s Sep. 2020 Mot. for Compassionate Release 3–5.) On December 15, 2020, the Court denied his motion, finding that the reduction of Applewhite's sentence was "inconsistent with the factors set forth at § 3553(a)," and "[t]he nature and seriousness of Applewhite's crimes mandate[d] his continued detention." (December 2020 Decision.) The Court noted that Applewhite "committed violent robberies after numerous periods of incarceration for other crimes," the Court's sentence of 156 total months departed downward from the U.S. Sentencing Guidelines recommendation of 204 to 225 months, and Applewhite had, at the time of the December 2020 Decision, only served about a third of his sentence. (*Id.* at 7.)

On February 22, 2021, Applewhite moved for the Court to reconsider its December 2020 Decision on the grounds that his health was "steadily declining," noting his hospitalization for blood clots and other various health conditions, and appending to his motion his inmate

3

education transcript.  (Def.'s Feb. 2021 Mot. for Recons.)  On April 21, 2021, the Court denied

this motion, finding that Applewhite's arguments for reconsideration did not address the Court's

basis for denying his September of 2020 motion for compassionate release.  (April 2021

Decision 4–5.)

### ii.    September 2022 Decision

On September 13, 2021, Applewhite filed another motion for compassionate release

under 18 U.S.C. § 3582(c)(1)(A)(i) and filed two supplemental motions, in support of the

motion.[2]  In those motions, Applewhite argued (1) his health conditions put him at risk of severe

illness if he were to be infected with COVID-19, independently presenting an extraordinary and

compelling reason for release, (Def.'s Sep. 2021 Mot. for Compassionate Release 2); (2) he had

participated in over thirty educational courses and, at the time, was enrolled in a 500-hour

recidivism reduction program, (*id.* at 2–3); (3) the section 3553(a) factors supported his early

release, (*id.* at 9); (4) his substance use disorder was the "driving force" behind his lengthy

criminal history, (*id.* at 3); and (5) if released, he planned to live with his wife, work at a

barbershop, and continue to address his substance use disorder with an Alcoholics Anonymous

and Narcotics Anonymous sponsor, (*id.* at 4–5).

On September 15, 2022, the Court denied Applewhite's motion because it had previously

considered and rejected most of the grounds described in Applewhite's September 2020 motion

for compassionate release.  (September 2022 Decision 11–18 (citing December 2020 Decision

7).)  The Court noted Applewhite's continued rehabilitation efforts, but found again that the

relief he requested was "inconsistent with the section 3553(a) factors given the nature and

seriousness of Applewhite's offenses and the fact that Applewhite's sentence of 156 months

---

[2]  (Def.'s Sep. 2021 Mot. for Compassionate Release; Def.'s June 2022 Suppl. Mot. for
Compassionate Release; Def.'s Aug. 2022 Suppl. Mot. for Compassionate Release.)

departed downward from the United States Sentencing Guidelines of 204 to 225 months." (*Id.* at 12.) The Court also considered the new issues Applewhite raised in his motion, including that Applewhite alleged that prison staff had shown a "lack of responsiveness and candor" to his medical needs, and declined to grant compassionate release on those grounds. (*Id.* at 15–16.)

On October 6, 2022, Applewhite moved for the Court to reconsider its September 2022 Decision, arguing that his health conditions, his participation in support groups, plan to take a job with the New York City Transit Authority, and desire to be a better family member, especially his desire to care for his aging mother, constituted sufficient reasons for the Court to reconsider its September 2022 Decision. (Def.'s Oct. 2022 Mot. for Recons.) On March 3, 2023, the Court denied Applewhite's October of 2022 motion for reconsideration because the section 3553(a) factors did not favor his release given the nature and seriousness of his offenses, and "the additional facts he provide[d] d[id] not alter the Court's analysis" from the September 2022 Decision. (March 2023 Decision 11).

### iii.   December 2023 Decision

On May 3, 2023, Applewhite moved the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that had he been sentenced under the Amended First Step Act of 2018, he likely would have received a mandatory minimum of five years instead of the minimum ten years that he actually received. (Def.'s May 2023 Mot. for Reduction in Sentence.) On September 18, 2023, Applewhite filed a supplemental motion, again arguing that his sentence was miscalculated, and that his health conditions, reentry plan, and community service efforts while incarcerated warranted his release. (Def.'s Sep. 2023 Suppl. Mot. for Reduction in Sentence.) On December 5, 2023, the Court denied Applewhite's motion for reduction in sentence because (1) changes in the First Step Act of 2018 did not apply to Applewhite, (December 2023 Decision 2–4), and (2) the additional facts Applewhite cited —

5

including his age, family circumstances, health conditions, and the coursework and community service he performed during incarceration — did not demonstrate that his circumstances had changed sufficiently to alter the Court's analysis in the March 2023 Decision, (*id.* at 4–8).

On December 27, 2023, Applewhite moved for reconsideration to amend or alter the Court's December 2023 Decision. (Def.'s Dec. 2023 Mot. for Recons.) On April 26, 2024, the Court denied Applewhite's motion for reconsideration, again holding that a reduction of his sentence would be inconsistent with the factors set forth in section 3553(a) as it would neither "reflect the seriousness of the offense" nor "protect the public from further crimes of the defendant." (April 2024 Decision 5–8 (citing 18 U.S.C. §§ 3553(a)(2)(A), (C)).)

The Court's April 2024 Decision denying reconsideration triggered Applewhite's fourteen-day window to file a notice of appeal, closing on May 10, 2024. *See* Fed. R. App. P. 4(b)(1)(A) (requiring a defendant to file a notice of appeal in the district court within fourteen days after the entry of judgment); *United States v. Salim*, Nos. 21-2442, 21-3148, 23-6185, 23-7196, 2025 WL 1822536, at *2 (2d Cir. July 2, 2025) (summary order) (quoting *id.*). Applewhite appealed the April 2024 Decision to the Second Circuit on May 16, 2024, approximately six days after the deadline. (Def.'s Not. of Appeal, Docket Entry No. 145.) As a result, the Second Circuit denied Applewhite's appeal as untimely and noted that the Government's challenge of Applewhite's appeal on that basis was sufficient for dismissal. (Summary Order dated May 11, 2026, Docket Entry No. 146.) *United States v. Applewhite*, No. 24-1670, 2026 WL 160724 (2d Cir. Jan. 21, 2026) (summary order) ("When the government properly objects to the untimeliness of a defendant's criminal appeal, [Federal Rule of Appellate Procedure 4(b)] is mandatory and inflexible." (alteration in original) (quoting *United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008))).

## II.  Discussion

In Applewhite's May 2026 Motion, Applewhite seeks compassionate release on the grounds that his (1) deteriorating health, (2) son's need for medical care, and (3) efforts at rehabilitation constitute extraordinary and compelling circumstances and warrant early release and home confinement.  (Def.'s May 2026 Mot. 1–3.)  The Government argues that (1) the sentencing factors set forth in section 3553(a) support Applewhite's continued detention, and (2) Applewhite has not presented extraordinary and compelling reasons warranting a sentence reduction.  (Gov't's Opp'n 5–6.)

The Court considers Applewhite's arguments and, for the following reasons, denies Applewhite's motion for compassionate release and home confinement.

### a.  Standard of review

"[O]ther than the limited exceptions provided by statutes . . . courts are not free to modify sentences at will."  *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020); *United States v. Boyle*, No. 03-CR-970, 2024 WL 4836339, at *2 (E.D.N.Y. Nov. 20, 2024) ("A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." (quoting *United States v. Applewhite*, No. 17-CR-142, 2020 WL 7356615, at *3 (E.D.N.Y. Dec. 15, 2020))), *aff'd*, No. 24-3269 (2d Cir. Apr. 20, 2026).  "A district court may, in an exercise of its discretion, reduce an inmate's term of imprisonment by granting a motion brought under 18 U.S.C. § 3582(c)(1)(A) — the 'compassionate release' provision . . . ."  *United States v. Van Der End*, No. 21-2079, 2023 WL 193633, at *1 (2d Cir. Jan. 17, 2023) (summary order).  "[T]here are three requirements that must be satisfied before a court can grant such relief" — namely, (1) "absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities"; (2) "a court must 'consider [ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable'"; and (3) "the inmate must

7

demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (second and third alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)); *see, e.g.*, *United States v. Seabrook*, No. 23-6279, 2025 WL 3484616, at *2 (2d Cir. Dec. 4, 2025) (summary order) (quoting *id.*); *United States v. Pimentel*, No. 23-7096, 2025 WL 783730, at *2 (2d Cir. Mar. 12, 2025) (summary order) (quoting same); *United States v. Isaac*, No. 22-2758, 2024 WL 1597614, at *2 (2d Cir. Apr. 12, 2024) (summary order) (listing the three requirements as "(1) the defendant has exhausted administrative remedies, (2) the § 3553(a) sentencing factors favor a sentence reduction, and (3) the defendant's circumstances are extraordinary and compelling" (citing *Keitt*, 21 F.4th at 71)); *United States v. Barnett*, No. 21-2319, 2023 WL 2375684, at *1 (2d Cir. Mar. 7, 2023) (summary order) (same); *United States v. Fox*, No. 22-10, 2023 WL 379539, at *1 (2d Cir. Jan. 25, 2023) (summary order) (citing 18 U.S.C. § 3582(c)(1)(A)(i)) (same); *United States v. Davis*, No. 21-716, 2022 WL 1320316, at *2 (2d Cir. May 3, 2022) (summary order) (citing *Keitt*, 21 F.4th at 71) (same); *see also Rutherford v. United States*, 608 U.S. ---, ---, 146 S. Ct. 1320, 1333 (2026) (affirming that a court may grant compassionate release after considering whether "'extraordinary and compelling' reasons [ ] 'warrant' compassionate release" and considering the factors set forth in 18 U.S.C. § 3553(a)).

If a defendant cannot satisfy the applicable section 3553(a) sentencing factors, a district court "need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Pimentel*, 2025 WL 783730, at *2 (quoting *Keitt*, 21 F.4th at 73); *see United States v. Mayes*, No. 23-6077, 2024 WL

8

2990909, at *2 (2d. Cir. June 14, 2024) (summary order) (quoting same); *United States v. Wofford*, No. 22-2811, 2024 WL 1298468, at *2 (2d Cir. Mar. 27, 2024) (summary order) (quoting same); *United States v. Guzman*, No. 97-CR-786, 2026 WL 202943, at *2 (S.D.N.Y. Jan. 27, 2026) (quoting same); *Van Der End*, 2023 WL 193633, at *1 (quoting same); *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (noting that because "extraordinary and compelling reasons are necessary — but not sufficient — for a defendant to obtain relief  . . . , panels of this [c]ourt have, in non-precedential summary orders, assumed the[ir] existence . . . but held that a district court's 'reasonable evaluation of the [applicable] [s]ection 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release.'" (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021))); *United States v. Cummings*, No. 20-3156, 2021 WL 4142844, at *1 (2d Cir. Sep. 13, 2021) (summary order) (same); *United States v. Fernandez*, 853 F. App'x 730, 731–32 (2d Cir. 2021) (same); *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (same).

### b.    The section 3553(a) sentencing factors do not favor release

Applewhite does not present any argument in his May 2026 Motion regarding the section 3553(a) sentencing factors.[3]  (*See generally* Def.'s May 2026 Mot.)

The Government argues that the Court's reasoning from its prior denials of Applewhite's motions for compassionate release and reduction in sentence, which concluded that the section 3553(a) factors support Applewhite's continued detention, also apply to this motion.  (Gov't's

---

[3]  Because the Government does not challenge the administrative exhaustion requirement, (*see generally* Gov't's Opp'n), the requirement is waived, and the Court is "free to consider the merits of [Applewhite's] motion." *United States v. Saladino*, 7 F.4th 120, 123–24 (2d Cir. 2021) (holding that the government waives or forfeits the exhaustion requirement when they do not challenge the defendant's motion for compassionate release on those grounds, even if the defendant has not complied with the requirement); *see United States v. Romano*, 707 F. Supp. 3d 233, 236 (E.D.N.Y. 2023) ("[T]he government's decision not to raise an exhaustion defense permits the court to consider the merits of the defendant's [compassionate release] motion.").

Opp'n 5 (first citing December 2020 Decision 7; and then citing September 2022 Decision 12).) In support, the Government argues that (1) Applewhite's criminal history is "significant" and "replete with violent offenses"; (2) Applewhite's early release "would neither sufficiently promote respect for the law, nor provide just punishment for [his] crimes"; and (3) the risk to public safety still posed by Applewhite supports maintaining the term of incarceration imposed by the Court at sentencing. (*Id.* (citing 18 U.S.C. §§ 3553(a)(2)(A) and (C)).)

In its prior decisions, the Court considered the section 3553(a) factors and found that:

> [A] reduction in [Applewhite's] sentence would not reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide just punishment for the offense, especially considering the nature and seriousness of Applewhite's crimes, and the fact that Applewhite's sentence of 156 months [varied] from the United States Sentencing Guidelines of 204 to 225 months.

(April 2024 Decision 7–8 (third, fourth and fifth alterations in original) (internal citations and quotation marks omitted); *see* December 2023 Decision 7–8; March 2023 Decision 11–13; September 2022 Decision 11–16, 18; December 2020 Decision 7.)

Because Applewhite does not argue that the section 3553(a) sentencing factors favor his release, the Court finds no reason to deviate from its previous analyses. *See United States v. Khusanov*, No. 17-CR-475, 2024 WL 5046745, at *8 (E.D.N.Y. Dec. 9, 2024) (finding no reason to revise the court's previous analysis of the section 3553(a) factors because the defendant had not raised any relevant arguments) *aff'd*, No. 25-14, 2026 WL 21000 (2d Cir. Jan. 5, 2026) (summary order); *United States v. Moss*, No. 14-CR-147, 2024 WL 3718909, at *8 (E.D.N.Y. Aug. 7, 2024) (denying compassionate release because the "[d]efendant has not presented anything to change the [c]ourt's analysis of the [s]ection 3553(a) factors.").

Even if Applewhite had provided an argument, the Court concludes that the section 3553(a) factors would still weigh in favor of his continued confinement. As the Court specified

10

in its previous decisions, Applewhite's early release from his already below-guidelines sentence "would not 'reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide just punishment for the offense.'"  (April 2024 Decision 6 (alterations in original).)  *See United States v. Seshan*, 850 F. App'x 800, 802 (2d Cir. 2021) (affirming the district court's denial of converting an already below-guidelines sentence to home confinement because it would disserve the section 3553(a) sentencing factors and the court could not conclude that the defendant posed no danger to the community given his prior violent behavior); *United States v. Gonzales*, No. 15-CR-6085, 2023 WL 6386139, at *5 (W.D.N.Y. Oct. 2, 2023) ("Reducing an already below-guidelines sentence would fail to 'reflect the seriousness of the offense, [ ] promote respect for the law, [and] provide just punishment for the offense.'" (alteration in original) (quoting 18 U.S.C. § 3553(a)(2)(A)).).

Although over two years have passed since the Court's April 2024 Decision, and Applewhite has less than two years remaining until his projected release in May of 2028, the Court is still not compelled to alter its conclusion regarding the section 3553(a) sentencing factors and further reduce an already below-guidelines sentence.  *See United States v. Albornoz*, No. 22-1818, 2023 WL 7391655 (2d Cir. Nov. 8, 2023) (summary order) (affirming the district court's denial of compassionate release in part because the defendant had already received a below-guidelines sentence); *United States v. Halliburton*, No. 20-CR-499, 2024 WL 3014179 (S.D.N.Y. June 13, 2024) (declining to reduce an already below-guidelines sentence); *see also United States v. Flaharty*, No. 98-CR-420, 2022 WL 6565139 (E.D.N.Y. Nov. 9, 2020) (denying compassionate release though the defendant had served over seventy-five percent of his sentence because the section 3553(a) factors weighed in favor of continued confinement); *United States v. Hardy*, No. 10-CR-1123, 2020 WL 4505614 (S.D.N.Y. Aug. 4, 2020) (denying compassionate

11

release though the defendant had served roughly ten years of a thirteen-year sentence because the section 3553(a) factors did not support a sentence reduction).[4]

### c. Applewhite has not demonstrated extraordinary and compelling circumstances

Applewhite also fails to show extraordinary and compelling circumstances warranting compassionate release and home confinement based on his (1) deteriorating health, (2) son's need for medical care, and (3) reentry plan and efforts at rehabilitation.  (Def.'s May 2026 Mot. 1–3.)  The Court denies Applewhite's motion on each ground because the Court has previously considered and rejected similar arguments in Applewhite's previous motions for compassionate release and reduction of sentence, and the new arguments that Applewhite presents do not alter the Court's previous analyses.

### i. Applewhite's deteriorating health

First, Applewhite argues that his deteriorating health, including failing kidneys and blood clots in his lungs and legs, justify his early release.  (Def.'s May 2026 Mot. 1.)  Applewhite claims that he is aging poorly and receiving inadequate medical care while incarcerated, and that upon release, he will immediately seek referrals for a nephrologist to manage his kidneys; a vascular specialist or hematologist to monitor and treat his blood clots; and a geriatric specialist to address his overall age-related health decline.  (*Id.* at 2.)

---

[4] Although the section 3553(a) factors are independently sufficient to deny Applewhite's motion, the Court nevertheless reviews Applewhite's arguments for extraordinary and compelling reasons because it is the entirety of his motion.  *United States v. Plaskett*, No. 11-CR-184, 2026 WL 99882 (S.D.N.Y. Jan. 14, 2026) (denying compassionate release because the section 3553(a) factors weighed against his early release and additionally considering the defendant's arguments for extraordinary and compelling reasons for release); *United States v. Flaharty*, No. 98-CR-420, 2022 WL 6565139 (E.D.N.Y. Nov. 9, 2020) (denying compassionate release after considering both (1) extraordinary and compelling reasons for release and (2) the section 3553(a) factors).

The Government argues that Applewhite's personal health circumstances do not warrant his early release. (Gov't's Opp'n 5.) The Government contends that none of the health-related circumstances described in Applewhite's May 2026 Motion alter the Court's earlier conclusion that Applewhite's personal health circumstances do not warrant early release. (*Id.* at 5–6.) In support, the Government cites the March 2023 Decision, which states that (1) Applewhite was receiving treatment for his conditions and (2) his acute kidney disease diagnosis was not terminal. (*Id.* (citing March 2023 Decision 12–13).)

The Court finds that Applewhite's deteriorating health does not present an extraordinary and compelling reason for his release. While the Court appreciates the seriousness of Applewhite's health conditions, the Court has previously considered Applewhite's acute kidney disease diagnosis, hypertension, and blood clotting conditions and found they do not warrant his early release, and Applewhite presents no new information, including medical information, regarding his health to alter its prior conclusions. (December 2023 Decision 4; *see also* March 2023 Decision 12–13; December 2020 Decision 7.)

In reaching its earlier conclusions, the Court noted that Applewhite's acute kidney diagnosis is not terminal, and he is "receiving treatment" for his conditions. (March 2023 Decision 12.) Applewhite has provided no indication that these facts have changed or any information to support that his care is inadequate. (*See generally* Def.'s May 2026 Mot.) Applewhite makes only a conclusory assertion that he is "receiving inadequate prison medical care." (*Id.* at 1.) Similar to his allegation of the Bureau of Prison's ("BOP") "lack of responsiveness and candor with respect to his medical needs" from his previous motion, (September 2022 Decision 15–16 (quoting Def.'s June 2022 Suppl. Mot. for Compassionate Release 2)), the Court cannot evaluate this conclusory statement without supporting information,

13

and therefore declines to find extraordinary and compelling reasons for release based on Applewhite's health. *See United States v. Star*, No. 20-1999, 2022 WL 2165895, at *1 (2d Cir. June 16, 2022) (summary order) (affirming denial of compassionate release motion where "[t]he actual severity of [the defendant's] medical conditions is unclear because he provided no records" (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992))); *United States v. Gaton*, No. 02-CR-401, 2026 WL 1132836, at *3 (S.D.N.Y. Apr. 27, 2026) (holding that the defendant's generalized allegations of inadequate care do not suffice to show that the BOP failed to attend to his medical conditions and finding they do not rise to the level of extraordinary and compelling circumstances); *United States v. Castellanos*, No. 13-CR-40-1, 2023 WL 5333198, at *3–4 (S.D.N.Y. Aug. 18, 2023) (holding that defendant's "generalized assertions" of inadequate medical treatment did not constitute extraordinary and compelling circumstances).

Because Applewhite fails to introduce new circumstances regarding his health, the Court declines to find that his health conditions constitute extraordinary and compelling reasons warranting compassionate release.

### ii.   Applewhite's son's need for medical care

Second, Applewhite argues compassionate release is necessary for him to provide care for his son who is HIV-positive. (Def.'s May 2026 Mot. 1.) Applewhite states that serving as his son's primary caregiver will entail coordinating with his son's HIV specialist and primary care provider to ensure Applewhite can properly address his son's specific needs; assisting his son with medication adherence, meal preparation, transportation to appointments, and personal hygiene support; and helping his son connect with local HIV support groups and social services for additional assistance and community integration. (*Id.* at 2–3.) Applewhite states that he will live in a three-bedroom apartment in Brooklyn with his wife, son, daughter, and granddaughter upon his release, and the apartment is located on the ground floor to accommodate Applewhite's

14

and his son's mobility issues.  (*Id*. at 1.)  The Court notes that Applewhite does not argue that his son is incapable of self-care or explain why he must serve as his son's primary caregiver, as opposed to another family member doing so.  (*See generally id.*)

The Government argues that the Court has previously found that Applewhite's desire to care for his family members — specifically, his mother — does not warrant his early release. (Gov't's Opp'n 5–6 (citing March 2023 Decision 12).)

The Court concludes that Applewhite's desire to care for his son does not present an extraordinary and compelling reason for his release because Applewhite has not established that his son is incapable of self-care or that Applewhite is the only available caregiver for his son.

In his October of 2022 motion for reconsideration, Applewhite raised family circumstances — namely, his elderly mother's declining health and the birth of his granddaughter and grandniece — to support his bid for compassionate release and home confinement.  (Def.'s Oct. 2022 Mot. for Recons. 2.)  The Court found in the March 2023 Decision that Applewhite's family circumstances did not provide grounds for release, especially given the severity of his crimes and the other section 3553(a) factors.  (March 2023 Decision 12 (citing *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) (noting that courts may only grant compassionate release "where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated" (citation omitted))).)

According to the U.S. Sentencing Guidelines, family circumstances may rise to the level of extraordinary and compelling circumstances where (1) the defendant's adult child is incapable of self-care because of a medical condition, *see* U.S.S.G. 1B1.131(b)(3)(A); *United States v. Williams*, No. 00-CR-1008, 2024 WL 5119893, at *5 (S.D.N.Y. Dec. 16, 2024) (providing that

15

the defendant must establish that their "adult child is incapable of self-care because of a mental or physical disability or medical condition" (quoting *id.*)), or (2) the defendant demonstrates that they are the only available caregiver for their child, *see* U.S.S.G. 1B1.131(b)(3)(D); *United States v. Reynoso-Hiciano*, No. 20-CR-388, 2025 WL 673061, at *1 (S.D.N.Y. Mar. 3, 2025) (stating that "extraordinary and compelling reasons" may exist where "the defendant is the only available caregiver for a child or a disabled adult child"); *United States v. Ayala*, No. 16-CR-809, 2020 WL 6626015, at *1 (S.D.N.Y. Nov. 12, 2020) (stating that extraordinary and compelling circumstances are established "when the court 'receive[s] evidence from several sources' indicating that the defendant is the only available caregiver for a family member 'in dire conditions.'" (quoting *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020))).

In this motion, Applewhite has neither alleged nor established that his adult child is incapable of self-care or that Applewhite is the only available caregiver for his son. (*See generally* Def.'s May 2026 Mot.)  While the Court sympathizes with his family circumstances, Applewhite's arguments are insufficient to constitute extraordinary and compelling reasons for his release.  First, Applewhite only argues that "there is a critical need to provide care" for his son. (*Id.* at 1.)  While this may be true, Applewhite has not provided an adequate explanation or introduced any medical evidence to show that his son is incapable of self-care. (*See generally id.*)  Second, while Applewhite states that he "will serve as the primary caregiver" for his son upon release, (*id.* at 2), Applewhite has not presented any evidence to support that he is the only available caregiver for his son.  For example, Applewhite does not state who his son's current caregiver is, why they are insufficient, and why other family members cannot serve as his son's caregiver. (*See generally id.*)  In fact, Applewhite alludes to the fact that his son currently lives with his wife, daughter, and granddaughter by arguing that he will live in a shared apartment

16

with those family members if granted compassionate release, (*id.* at 1), but Applewhite fails to explain why his wife and daughter cannot serve as his son's caregiver.  (*See generally id.*)

Without sufficient evidence that (1) Applewhite's son is incapable of self-care and (2) that Applewhite is the only available caregiver for his son, the Court cannot conclude that Applewhite's familial circumstances rise to the level of extraordinary and compelling reasons for compassionate release.  *See United States v. Vega*, No. 17-CR-283, 2025 WL 2323769, at *4 (S.D.N.Y. Aug. 12, 2025) (requiring the defendant show that the family member be uncared for in the defendant's absence to prove the defendant is the "only available caregiver"); *United States v. Williams*, No. 00-CR-1008, 2024 WL 5119893, at *5 (S.D.N.Y. Dec. 16, 2024) (declining to find that the defendant's family circumstances were extraordinary and compelling because he failed to allege or establish that his adult child was incapable of self-care or that he was the only available caregiver for his grandson); *United States v. Olangian*, No. 12-CR-798, 2024 WL 4372135, at *5 (S.D.N.Y. Oct. 2, 2024) (declining to find the defendant's family circumstances were extraordinary and compelling because he failed to allege that his adult son's other caregivers, including the defendant's wife and other son, had become incapacitated or died, such that the defendant was the only available caregiver); *United States v. Mendez-Rojas*, No. 11-CR-929, 2024 WL 4345561, at *4 (S.D.N.Y. Sep. 30, 2024) (finding insufficient the defendant's argument that he could be his father's "primary giver" for failing to establish that "there are no other relatives or friends who can play the role"); *United States v. Lindsey*, No. 13-CR-271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (declining to find extraordinary and compelling circumstances where the defendant did not meet his burden to show the extent of his family members' need for care, or that there was no other family member or caretaker capable of providing the necessary care).

Accordingly, similar to the Court's conclusion that Applewhite's concerns about his mother's health did not constitute extraordinary and compelling circumstances, (March 2023 Decision), the Court finds that Applewhite's concerns about his son's health are not sufficient to justify Applewhite's compassionate release.

### iii.    Applewhite's reentry plan and efforts at rehabilitation

Third, Applewhite argues that (1) his participation in rehabilitative programs and (2) his reentry plan are demonstrative of his commitment to personal growth and a successful reintegration into society, and warrant an opportunity to make positive societal contributions outside of federal custody.  (Def.'s May 2026 Mot. 2–3.)

In support of his rehabilitation efforts, Applewhite notes his participation in the drug and sobriety programs, including the Residential Drug Abuse Program which he states demonstrates his "strong commitment to maintaining and staying sober" and has given him skills that can be applied in support of peers or in administrative roles.  (*Id.* at 1–2.)  To maintain sobriety after his release, Applewhite pledges to engage with local Alcoholics Anonymous and Narcotics Anonymous meetings and to immediately secure a sponsor.  (*Id.* at 2.)  In addition, Applewhite pledges to participate in a support group for formerly incarcerated individuals.  (*Id.*)  Applewhite also suggests that he will have stable housing and plans to move into a three-bedroom apartment with his wife, son, daughter, and granddaughter.  (*Id.* at 1.)

For income after his release, Applewhite contends that family members will provide financial support while he applies for Supplemental Social Income and searches for employment.  (*Id.*)  In support, Applewhite states he may be qualified for kitchen support jobs through the Food Handler and ServSafe Manager's Certificates that he earned while incarcerated.  (*See id.* at 2; ServSafe Food Handler Training Certificate, appended to Def.'s May 2026 Mot. 4.)  Applewhite also submitted a July of 2026 certificate of completion for the National Parenting

Program, a certificate of achievement for the Commercial Drivers's License (CDL) Exam Preparation Course dated June of 2026, and a ServSafe certificate for completing the ServSafe Food Protection Manager Certification Examination in May of 2026. (Suppl. Certificate, Docket Entry No. 150; Additional Certificates, appended to Suppl. Certificate, Docket Entry No. 150-1.) Applewhite contends that he will use the skills developed through obtaining these certificates to engage in "pro-social" activities such as volunteering at a local church or community center. (Def.'s May 2026 Mot. 2.)

Applewhite also expresses his willingness to strictly adhere to all terms and conditions of supervised release, including regular meetings with his probation officer, undergoing drug testing, reporting any residence or employment changes, and being subject to any monitoring deemed necessary by the Court or probation authorities. (*Id.*)

The Government argues that the Court has already previously considered Applewhite's purported efforts at rehabilitation and concluded that they do not warrant early release. (Gov't's Opp'n 6 (first citing September 2022 Decision 11–12; and then citing March 2023 Decision 5, 11).)

The Court held in the April 2024 Decision that Applewhite's post-conviction rehabilitation efforts, while commendable, do not alter the Court's previous conclusions that compassionate release would be inconsistent with the section 3553(a) factors given the nature and seriousness of Applewhite's offenses. (April 2024 Decision 5 (citing December 2023 Decision 4; March 2023 Decision 11; September 2022 Decision 11–12).) While rehabilitation during incarceration may be considered in determining a sentence reduction, "rehabilitation . . . is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. 1B1.131(d); *see Rutherford*, 608 U.S. ---, 146 S. Ct. at 1332 ("Rehabilitation of the defendant

19

alone shall not be considered an extraordinary and compelling reason." (quoting 28 U.S.C. § 994(t))); *United States v. Rodriguez*, No. 12-CR-790, 2025 WL 3751696, at *6 (S.D.N.Y. Dec. 29, 2025) ("Because the other reasons adduced in support of [the defendant's] motion do not rise to the level of extraordinary and compelling, [the defendant]'s participation in rehabilitative programs does not disturb the conclusion that a reduction in his sentence is not warranted."); *United States v. Sica*, No. 14-CR-462, 2025 WL 3003540, at *2 (S.D.N.Y. Oct. 24, 2025) (declining to consider rehabilitation alone as a justification for a sentence reduction in the absence of extraordinary and compelling reasons).  Similar to the Court's April 2024 Decision, the Court applauds Applewhite's continued efforts at rehabilitation but finds that his efforts do not demonstrate extraordinary and compelling reasons justifying his early release.

## III.  Conclusion

For the foregoing reasons, the Court denies Applewhite's motion for compassionate release.

Dated: August 3, 2026
          Brooklyn, New York

SO ORDERED:

_____
          s/ MKB
MARGO K. BRODIE
United States District Judge

20